IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE CHEROKEE NATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-CV-237-RAW-DES |
| ) | |
| MORRIS & DICKSON CO., LLC, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff, the Cherokee Nation's Motion to Remand this action to the District Court of Sequoyah County. (Docket No. 15). On July 25, 2023, United States District Judge Ronald A. White referred this case to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. (Docket No. 12). For the reasons set forth below, the undersigned Magistrate Judge recommends Plaintiff's Motion to Remand to State Court be GRANTED, but that Plaintiff's request for an award of attorneys' fees be DENIED.

I.   Background

Plaintiff initiated this action on June 8, 2023, by filing a Petition in the District Court for Sequoyah County. The Petition alleges negligence and gross negligence on the part of Defendant Morris & Dickson Co., LLC, ("M&D") for oversupplying the market in and around the Cherokee Nation with highly addictive prescription opioids while failing to maintain effective controls against diversion and to investigate, report, and halt orders for prescription opioids that they knew or should have known were suspicious. (Docket No. 2, Exhibit 2). Plaintiff further alleges unjust enrichment on the profits M&D gained from their over sale of prescription opioids. *Id.*

1

M&D removed this action to this Court by filing a Notice of Removal on July 12, 2023. (Docket No. 2). The basis for removal presented by Defendant was that Plaintiff has asserted the Federal Controlled Substance Act ("FCSA") as "the primary support for its duty and proximate cause assertions for its state law negligence claims." *Id.* at 5. Defendant argues "the interpretation of the FCSA and its implementing regulations on the facts alleged in the Petition are at the heart of the Cherokee Nations' tort claims, thus requiring resolution of a substantial question of federal law in dispute between the parties." *Id.* (citations and quotations omitted). Following the removal from Sequoyah County, Plaintiff filed its Motion to Remand to State Court on August 4, 2023. (Docket No. 15). The Motion to Remand has now been fully briefed.

II.   Analysis

Removal statutes are to be strictly construed, and all doubts are to be resolved against removal. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing defendant bears the burden of establishing that removal is proper. *See McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). As master of the claim, plaintiff may avoid federal jurisdiction by exclusive reliance on state law. *Felix v. Lucent Techs., Inc.*, 387 F.3d 1146, 1154 (10th Cir. 2004). A case arises under federal law when federal law creates the cause of action asserted, or (even where a claim finds its origin in state rather than federal law) when plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *See Gilmore v. Weatherford*, 694 F.3d 1160, 1170 (10th Cir. 2012). The substantial question branch of federal question jurisdiction is exceedingly narrow – a special and small category of cases. *Id.* (citation omitted). This is available only when a state law claim contains a federal issue that is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Gunn v. Minton,* 568 U.S.

2

251, 258 (2013) (citing *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.* 545 U.S. 308, 314 (2005)); see also *Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 770 F.3d 944, 947 (10th Cir. 2014). To avoid remand, this case must meet all four elements of the *Grable* test.

Defendant argues Plaintiff's negligence theories fail because the Oklahoma Supreme Court has rejected traditional tort law theories against manufacturers through its decision in *State ex rel. Hunter v. Johnson & Johnson,* 499 P.3d. 719 (Okla. 2021) (herein after "J&J case"). (Docket No. 16). Therefore, according to Defendant, the only potentially viable theory Plaintiff can proceed under is the interpretation and application of the FCSA, which is a sufficient federal issue to warrant federal question jurisdiction. *Id.* at 2-3. The undersigned Magistrate Judge disagrees. As Plaintiff argues, the J&J case is inapplicable to Plaintiff's claims because the case at issue alleges negligence and gross negligence rather than public nuisance, which was the focus for the Oklahoma Supreme Court in the J&J case. (Docket No. 17 at 3-4). Defendant has not presented any authority that would expand the ruling of the J&J case regarding public nuisance to apply to negligence and negligence per se claims as presented in Plaintiff's Petition. As such, the undersigned Magistrate Judge does not believe it is within the purview of this Court to scrutinize an Oklahoma Supreme Court case for validity. Accordingly, the focus of this Report and Recommendation will be on Plaintiff's allegations as plead, not on whether they are valid under Oklahoma State law.

    a. Does Plaintiff's Petition "Necessarily Raise" a Federal Issue?

The first prong in the *Grable* test is whether the Petition necessarily raises a federal issue. Plaintiff's Petition alleges that M&D violated multiple duties imposed by Oklahoma statutory and common law which form the basis for its negligence and gross negligence claims. As an alternative theory to the State law theories, Plaintiff alleges duties under the FCSA. (Docket No. 2-Exhibit 2

at 16-22). Plaintiff specifically notes in its Petition that the "Cherokee Nation is not asserting a cause of action under these statutory laws . . . but rather to demonstrate that "violations of appliable state and federal laws and regulations show that [Defendant] failed to meet the relevant standard of care." *Id.* at 22).

The Supreme Court has upheld "the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Furthermore, "a claim supported by alternative theories in the complaint may not form the basis for [federal] jurisdiction unless [federal] law is essential to each of those theories." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810 (1988). In this case, Plaintiff's allegations of State Statute and Common Law violations contained in its Petition can stand alone. "If on the face of a well-pleaded complaint there are . . . reasons completely unrelated to the provisions and purposes of [the federal laws] why the [plaintiff] may or may not be entitled to the relief it seeks, then the claim does not arise under those laws." *Christianson*, 486 U.S. at 810 (internal quotations and citations omitted). Therefore, the first prong of the *Grable* test is not satisfied.

      b. Is a Federal Issue "Actually Disputed"?

The second prong of the *Grable* test is whether a federal issue is actually disputed. Defendant argues, the federal issue is a "central point of dispute" under *Gunn*, 568 U.S. at 259. (Docket No. 16 at 16). Specifically, Defendant points to Plaintiff's allegations concerning the standard of care required by the FCSA including, whether M&D breached those duties, and more immediately, whether the FCSA can be used at all to establish that M&D owed a duty to the Cherokee Nation as being "very much in dispute." *Id.* In response, Plaintiff argues the duties under the FCSA cannot be disputed as they have been uniformly defined in past cases. (Docket No. 15

4

at 19) (citing *Cherokee Nation v. McKesson Corp.,* 529 F. Supp. 3d 1225, 1235 (E.D. Okla. 2021) ("This court agrees . . . under the [F]CSA and its associated regulations . . . there is not only a duty to report suspicious orders once detected, but also a duty to either not fulfill those orders or to investigate them to determine that they are not likely to be diverted to illegal channels."). While it is true that *McKesson* has identified some duties under the FCSA, it does not appear to be exhaustive to Plaintiff's allegations and therefore a federal issue may be disputed. Nonetheless, there are four prongs of the *Grable* test and all four must be satisfied to establish federal jurisdiction.

      c.  Is there a "Substantial" Federal Issue?

The Supreme Court in *Gunn*, 568 U.S. 251, explains that the significance of a federal issue to the parties in a suit does not make it substantial. *Id.* at 260. "The substantiality inquiry . . . looks instead to the importance of the issue to the federal system as a whole." *Id.* Plaintiff argues that "even if the Petition required the state court to construe the FCSA in resolving its state law claims . . . that construction would not impact the uniform development of the law in this area." (Docket No. 15 at 20). The Defendant argues that like in *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 897 (10th Cir. 2017), Plaintiff's "attempt to privately enforce the FCSA even though there was no private right of action in the statute raises a substantial federal question." (Docket No. 16 at 18). However, Plaintiff's well-pled Petition explicitly states that "Cherokee Nation is not asserting a cause of action under [the FCSA]." (Docket No. 2, Exhibit 2 at 22). The inclusion of the FCSA is not a central claim of Plaintiff's Petition, rather the inclusion of violations of federal statutes "is commonly given negligence per se effect in state tort proceedings." *Grable* 545 U.S. at 318. Furthermore, the interpretation of the duties imposed by the FCSA are not the only duties

Plaintiff relies on for its negligence and gross negligence claims; therefore, no substantial federal issue exists. Accordingly, the third prong of the *Grable* test is not satisfied.

        d. Is the Exercise of Federal Jurisdiction Necessary to Preserve Federal-State Balance?

The fourth and final *Grable* prong addresses the "balance of federal and state judicial responsibilities," and asks if the exercise of federal jurisdiction is necessary to preserve the federal-state balance. *Grable,* 545 U.S. at 314. Defendant argues that the Supreme Court in *Gilmore* explains that this prong is met when there is "a serious federal interest in claiming the advantages thought to be inherent in a federal forum." (Docket No. 16 at 20) (citing *Gilmore*, 694 F.3d at 1174). However, as discussed above, there are no substantial federal issues within the Plaintiff's Petition that would swing this factor towards a federal review. Furthermore, these issues have been addressed in other courts and have been found to not upset the balance of federal and state judicial responsibilities. "The Supreme Court has expressed wariness about the exercise of federal jurisdiction over any and all state-law negligence claims whose resolutions depend in some measure on violations of duties imposed by federal law." *Ill. Pub. Risk Fund v. Purdue Pharma L.P.*, No. 19 C 3210, 2019 WL 3080929, at *3 (N.D. Ill. July 15, 2019) (citing *Grable,* 545 U.S. at 319)). Furthermore, "the fact that the [FCSA] lacks a federal cause of action supports the conclusion that Congress deliberately sought to leave such claims in state court." *Id.*

> A general rule of exercising federal jurisdiction over state claims resting on federal mislabeling and other statutory violations would . . . [herald] a potentially enormous shift of traditionally state cases into federal courts. Expressing concern over the "increased volume of federal litigation," and noting the importance of adhering to "legislative intent," *Merrell Dow* thought it improbable that the Congress, having made no provision for a federal cause of action, would have meant to welcome any state-law tort case implicating federal law "solely because the violation of the federal statute is said to [create] a rebuttable presumption [of negligence] . . . under state law."

*Grable* 545 U.S. at 319 (citing *Merrell Dow,* 478 U.S., at 811-812). As such, the fourth prong of *Grable* is not satisfied.

   III.   Conclusion

The facts presented in Plaintiff's well-pled Petition in application of the *Grable* test show that only one of the four prongs are met to deny remand. As such, the undersigned Magistrate Judge does not find there is a substantial question of federal law and recommends Plaintiff's Motion to Remand be GRANTED.

Plaintiff also requests an award of fees and costs. Such an award is "only proper where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). The undersigned Magistrate Judge does not believe that Defendant lacked a reasonable basis for seeking removal.  Accordingly, Plaintiff's request for attorney's fees and costs should be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

DATED this 19th day of March, 2024.

_____
D. Edward Snow
United States Magistrate Judge