IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE CHEROKEE NATION, *Plaintiff*, v. MORRIS & DICKINSON CO., LLC *Defendant*. | Case No. CIV-23-237-RAW-DES |

## ORDER

Before the Court is Magistrate Judge D. Edward Snow's Report and Recommendation [Dkt. No. 24] on the Cherokee Nation's Motion to Remand [Dkt. No. 15]. Magistrate Judge Snow recommended that this court Grant Plaintiff's Motion to Remand and deny its request for fees and costs associated with seeking removal. Defendant timely objected [Dkt. No. 28].

## STANDARD OF REVIEW

The district court must conduct a de novo review of the magistrate judge's report and recommendation if a party objects to the magistrate's findings. 28 U.S.C. § 636(b)(1); *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir.1996) ("De novo review is required after a party makes timely written objections to a magistrate's report.") The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). De novo review requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation. *Id*.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Cherokee Nation, brought this suit in Oklahoma District Court for Sequoyah County alleging unjust enrichment, negligence, and gross negligence for allegedly irresponsibly

marketing opioids in and around the Cherokee Nation [Dkt. No. 2-2]. Defendant removed the action arguing that this Court has subject matter jurisdiction under the federal question doctrine because the Plaintiff supports its negligence claim, in part, by referencing the Federal Controlled Substances act ("FCSA"). Defendant also argues that all the Plaintiff's state law negligence claims will fail because the Oklahoma Supreme Court previously rejected similar public nuisance theories against other drug manufacturers [Dkt. No. 16 citing *State ex rel. Hunter* v. *Johnson & Johnson*, 499F.3d 719 (Okla. 2021) (*Johnson & Johnson*)]. Therefore, Defendant concludes that the only viable remaining claim the Plaintiff has is one based on the FCSA, thus giving this Court federal question jurisdiction [Dkt. No. 16 at 2-3]. Plaintiff Moved to Remand [Dkt. No. 15] arguing that this court lacks federal question jurisdiction.

Magistrate Judge Snow issued a Report and Recommendation advising that this Court grant the Plaintiff's Motion to Remand but deny the attendant request for attorney's fees [Dkt. No. 24]. The Magistrate concluded that neither the *Johnson & Johnson* case, nor any of the other case law offered by the Defendant, foreclosed the state law unjust enrichment, negligence, and gross negligence claims. Therefore, he evaluated the Petition as written when determining whether federal question jurisdiction was proper [Dkt. No. 24 at 2]. Magistrate Judge Snow determined that the Plaintiff's Petition did not raise a substantial question of federal law based on the factors set forth in *Grable*, and therefore this Court does not have subject matter jurisdiction under the federal question doctrine and the case should be remanded [Dkt. No. 24 at 2-3] citing *Grable & Sons Metal Products, Inc.*, v. *Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

**DEFENDANT'S OBJECTIONS**

The Defendant objects arguing that the Magistrate Judge erroneously refused to consider that the Oklahoma Supreme Court "rejects all tort theories that seek redress for communal damages

2

caused by the distribution of legal opioids." [Dkt. No. 28 at 3]. Defendant asserts that the "Cherokee Nation has no relief without relying on its FCSA allegations to provide the predicate for its negligence claim" [Dkt. No. 28 at 5].[1] The Defendant reiterates that removal is proper based on the federal question doctrine and the Magistrate Judge incorrectly overlooked the fact that because the Cherokee Nation's negligence case is predicated on a duty arising out of the FCSA, there is a "substantial question of federal law necessary to resolve Cherokee Nation's claims" [Dkt. No. 28 at 2]. Defendant vigorously argues that the *Johnson & Johnson* case "explicitly forecloses any state-law negligence action", and therefore, because the Plaintiff's only possible theory of recovery arises out of the FCSA, the case necessarily raises a substantial question of federal law [Dkt. No. 28 at 8-9]. Defendant also asserts that the Magistrate disregarded this controlling Oklahoma law in his Report and Recommendation.

## ANALYSIS

Upon de novo review of the record and the relevant case law, we agree with the Magistrate's conclusions set forth in the Report and Recommendation. Contrary to what Defendant argues, Magistrate Judge Snow did not ignore the Oklahoma Supreme Court's holding in the *Johnson & Johnson*. In reference to the *Johnson & Johnson* case, the Magistrate Judge stated as follows, "the J&J case is inapplicable to Plaintiff's claims because the case at issue alleges negligence and gross negligence rather than public nuisance" therefore, the Magistrate Judge added that he would not "scrutinize an Oklahoma Supreme Court Case for validity" [Dkt. No. 24 at 3]. Because he found that the *Johnson & Johnson* case was inapplicable to the case at bar, the

---

[1]Alternatively, the Defendant argues that this Court should certify the question of the scope and applicability of the *Johnson & Johnson* case to non public nuisance tort claims [Dkt. No. 28 at 3]. Plaintiff also argues for a certified question in a separate motion, [Dkt. No. 29] Motion to Certify Question to the State Supreme Court.

3

Magistrate further concluded that it would be inappropriate to simply disregard the Plaintiff's claims arising under state law and assume that the only possible theory of recovery arose out of the FCSA.

In support of its argument that the *Johnson & Johnson* case eliminates all duties in tort Defendant relies on the following quote: "there is no common law tort duty to monitor how a consumer uses or misuses a product after it is sold" [Dkt. No. 35] quoting *Johnson & Johnson*, 499 P.3d at 728. This quote was taken out of context and misrepresents the ruling of the court. The *Johnson & Johnson* case provides no basis to summarily conclude that the Oklahoma Supreme Court intended to foreclose all duties based in tort. There are numerous instances throughout the opinion where the court makes it clear that it is speaking only on the issue of public nuisance. For instance, the court stated: "The issue before this Court is whether the district court correctly determined that J&J's actions in marketing and selling prescription opioids created a public nuisance" and subsequently the court concluded that "Oklahoma public nuisance law does not extend to the manufacturing, marketing, and selling of prescription opioids." *Johnson & Johnson*, 499 P.3d at 721-23. Throughout the opinion, the Oklahoma Supreme Court focuses its discussion and holding to public nuisance law. *See generally, Id*. Indeed, there is nothing in the Oklahoma Supreme Court's opinion that expresses an intention to announce a ruling on any issue other than public nuisance. This Court cannot simply assume an expansion of the Oklahoma court's ruling and write off Plaintiff's state law tort claims.

We also agree with the Magistrate Judge's conclusion that pursuant to the *Grable* analysis, the Petition does not necessarily raise a federal issue and therefore federal question jurisdiction is not proper. *Grable & Sons Metal Products, Inc.* v. *Darue Eng'g & Mfg*. 545 U.S. 308, 315 (2005). The Plaintiff specifically states that it is not raising a violation of the FCSA as a separate cause of

4

action, but rather the statute is mentioned as an example of the Defendant's failure to adhere to an applicable standard of care. [Dkt. No. 2-2 at 22] Furthermore, it is simply not the case that the "Cherokee Nation has no relief without relying on its FCSA allegations" [Dkt No. 28 at 5]. Plaintiff alleges negligence, negligence per se, gross negligence, and unjust enrichment claims against the Defendant. The FCSA is not central to the disposition of the Plaintiff's multiple state law claims case nor does it create a serious federal interest in keeping the case in a federal forum. Because Plaintiff has pleaded claims arising under state law that do not necessarily raise a federal issue, we agree with the Magistrate Judge that this Court does not have federal question jurisdiction.

After a de novo review, the Court determines that the Report and Recommendation [Dkt. No. 24] is well supported by the evidence and prevailing legal authority and it is hereby affirmed and adopted as this Court's findings and Order. Therefore, the Court overrules Defendant's objection [Dkt. No. 28]. Plaintiff's Motion to Remand to State Court and Memorandum of Support [Dkt. No. 15] is hereby GRANTED. Furthermore, because we are granting the Motion to Remand, the Defendant's Motion to Certify Question to the State Supreme Court [Dkt. No. 29], the Motion to Dismiss [Dkt. No 18] and related Report and Recommendation [Dkt. No. 37] are moot.

It is further ordered that pursuant to 28 U.S.C. §1447(c) this action is hereby remanded to the District Court of Sequoyah County, Oklahoma, each party to bear their own costs and fees. The Court Clerk is hereby directed to return this action to the District Court of Sequoyah County.

**IT IS SO ORDERED** this 23rd day of August 2024.

_____
**HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**